# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**SECURED TENTS, LLC, d/b/a FLEXX PRODUCTIONS, a Colorado limited liability company,**

    Plaintiff,

v.

**XPO LOGISTICS FREIGHT, INC. a Delaware corporation; COYOTE LOGISTICS LLC, a Delaware limited liability company,**

    Defendants.

## COMPLAINT

Plaintiff Secured Tents, LLC d/b/a FLEXX Productions ("Plaintiff"), by and through its undersigned counsel at Coan, Payton & Payne, LLC, states for its Complaint against Defendants XPO Logistics Freight, Inc. ("XPO") and Coyote Logistics LLC ("Coyote," collectively with XPO, "Defendants") as follows:

### I.   Parties

1. Plaintiff is a Colorado limited liability company with its principal place of business in Larimer County, Colorado.

2. At all relevant times, Plaintiff was the owner of certain property transported by Defendants.

3. On information and belief, Defendant XPO Logistics Freight, Inc. is a Delaware corporation with its principal place of business in Ann Arbor, Michigan.

4. At all relevant times, XPO was a carrier as that term is defined in 49 U.S.C. § 13102.

5. On information and belief, Defendant Coyote Logistics LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.

## II.   Jurisdiction and Venue

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under 49 U.S.C. § 14706 and other applicable federal law.

7. Venue is proper in this Court pursuant to 49 U.S.C. § 14706(d).

8. Plaintiff has standing to bring this suit because it has suffered an injury as the result of Defendants' conduct that comprises the facts underlying this action.

## III.   Facts Giving Rise to the Claims

9. Plaintiff is in the business of renting equipment and delivering services to weddings and other events, including renting and providing tents for events.

10. XPO is in the business of providing interstate freight delivery services.

11. Coyote is in the business of coordinating and/or providing interstate freight delivery services.

12. Plaintiff entered into an agreement with Coyote to ship commercial tenting and sidewalls from Fort Collins, Colorado, to The Tent Co. in Houston, Texas.

13. The commercial tenting and sidewalls comprised two pallets, weighed approximately 800 pounds, and had a value of approximately $37,104.50 (the "Shipment").

14. On information and belief, Coyote contracted with XPO to deliver the Shipment as requested by Plaintiff.

15. On February 9, 2022, XPO took possession of the Shipment from Plaintiff's facility in Fort Collins, Colorado. A picture of the Shipment ready for pickup in Plaintiff's facility is below:



16. On February 9, 2022, XPO provided a bill of lading ("BOL") to Plaintiff acknowledging receipt of the Shipment. A true and correct copy of the BOL is attached hereto as **Exhibit 1**.

17. Plaintiff is listed as the Origin/Shipper on the BOL.

18. The Shipment was in good condition when delivered by Plaintiff to XPO.

19. The BOL acknowledges "[t]he property described above in apparent good order…."

20. Defendants did not give Plaintiff an opportunity to choose between two or more levels of liability for the Shipment.

21. Defendants did not provide Plaintiff with reasonable notice of any liability limitations or available coverage options.

22. Plaintiff did not agree to limit Defendants' liability for damage or loss to the Shipment.

23. The BOL states that the Shipment is "subject to the terms, conditions and limitations of liability set forth in XPO Logistics Freight, Inc. rules tariff (see www.xpo.com)," however no rules tariff is present on the webpage located at www.xpo.com.

24. The terms of delivery of the Shipment included direct prepayment to Coyote.

25. On information and belief, at some point during XPO's possession and transport of the Shipment to Houston, TX, the Shipment was lost, damaged, or destroyed.

26. The Shipment was never delivered to its final destination in Houston, Texas.

27. On March 25, 2022, a representative of Coyote, Jake Juviler, acknowledged via email to Plaintiff that "[i]t looks like XPO lost this shipment you sent out well over a month ago….My apologies on behalf of the carrier here." A true and correct copy of the March 25, 2022, email from Mr. Juviler to Plaintiff is attached hereto as **Exhibit 2**.

28. Plaintiff submitted a freight claim to Coyote on March 31, 2022, for the loss of the Shipment.

29. On April 4, 2022, Coyote submitted an invoice to Plaintiff for $609.39 for delivery of the Shipment to its final destination in Houston, Texas. A true and correct copy of the April 4, 2022, invoice is attached hereto as **Exhibit 3**.

30. The April 4, 2022, invoice from Coyote identifies that the Shipment was delivered to The Tent Co. in Houston, Texas on March 11, 2022.

31. On July 25, 2022, Coyote denied Plaintiff's freight claim. A true and correct copy of Coyote's July 25, 2022, denial of Plaintiff's freight claim is attached hereto as **Exhibit 4**.

32. On August 29, 2022, Plaintiff submitted a freight claim for loss of the Shipment to XPO. A true and correct copy of Plaintiff's August 29, 2022, freight claim to XPO is attached hereto as **Exhibit 5.**

33. On October 20, 2022, XPO telephonically notified counsel for Plaintiff that Plaintiff's August 29, 2022, freight claim was denied.

34. During the October 20, 2022, phone call with Plaintiff's counsel, a representative for XPO did not give a reason for denial of the August 29, 2022, freight claim, and stated that a written denial was previously sent to Plaintiff. Plaintiff did not receive written notification of XPO's denial of its August 29, 2022, freight claim.

35. The value of the Shipment is $37,104.50, as established by invoices for replacement goods from Rainier Industries, Ltd., The Tent Co., and Tentnology. A true and correct copy of invoices establishing the damage suffered by Plaintiff for Defendants' loss of the Shipment is attached hereto as **Exhibit 6**.

**FIRST CLAIM FOR RELIEF**
**Liability Under 49 U.S.C. § 14706 (the "Carmack Amendment")**
**(XPO)**

36. Plaintiff restates and incorporates by reference the allegations contained in all previous paragraphs as if fully set forth herein.

37. Plaintiff delivered the Shipment to XPO, undamaged and in good condition, to be transported via an interstate route from Fort Collins, Colorado, to Houston, Texas.

38. XPO received the Shipment in good condition in Fort Collins, Colorado, as acknowledged by the BOL, and agreed to deliver the Shipment to The Tent Co. in Houston, Texas.

39. XPO lost the Shipment at some point during the interstate delivery of the Shipment.

40. XPO denied Plaintiff's freight claim on October 20, 2022.

41. As a direct and proximate result of XPO's loss of the Shipment, Plaintiff has been damaged and continues to be damaged in the amount of $37,104.50.

42. Pursuant to the Carmack Amendment, Defendant XPO is strictly liable to Plaintiff for loss of the Shipment, and Plaintiff is entitled to judgment against Defendant XPO for the value of the Shipment.

WHEREFORE, as to this Claim, Plaintiff seeks the applicable relief found in its Prayer for Relief at the end of this Complaint.

## SECOND CLAIM FOR RELIEF
### Breach of Contract
### (Coyote)

43. Plaintiff restates and incorporates by reference the allegations contained in all previous paragraphs as if fully set forth herein.

44. Plaintiff and Coyote entered into an agreement to deliver the Shipment from Fort Collins, Colorado, to Houston, Texas, as is reflected by the invoice submitted by Coyote to Plaintiff on April 4, 2022 (**Exhibit 3**).

45. The agreement between Coyote and Plaintiff was supported by sufficient consideration.

46. Notwithstanding its agreement to deliver the Shipment from Fort Collins, Colorado, to Houston, Texas, Coyote failed to abide by its obligation to deliver the Shipment to Houston, Texas.

47. Coyote acknowledged that the Shipment was not delivered to Houston, Texas, in the March 25, 2022, email from Mr. Juviler to Plaintiff (**Exhibit 2**).

48. As a direct and proximate result of Coyote's breach of its contractual obligations, Plaintiff has been damaged and continues to be damaged in an amount to be proven at trial.

WHEREFORE, as to this Claim, Plaintiff seeks the applicable relief found in its Prayer for Relief at the end of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, and award the following relief:

- The value of the Shipment, which Plaintiff has established to be $37,104.50;
- Actual, compensatory, consequential, and statutorily-permitted damages in an amount to be proven at trial;
- Costs;
- Pre-judgment interest;
- Post-judgment interest; and
- Any other and further relief that the Court deems just and proper.

Respectfully submitted this 6th day of January, 2023.

                        **COAN, PAYTON & PAYNE, LLC**

                        */s/ Jody N. Duvall*
                        Jody N. Duvall, #49186
                        Coan, Payton & Payne, LLC
                        103 W. Mountain Ave., Suite 200
                        Fort Collins, CO 80524
                        Telephone: 970-225-6700
                        Facsimile: 970-232-9927
                        Email:     jduvall@cp2law.com
                        *Attorneys for Plaintiff*